**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jonathan Conley, *on behalf of himself and all others similarly situated,* | |
| *Plaintiffs*, | **RULE 23 CLASS ACTION COMPLAINT** |
| -against- | **Jury Trial Demanded** |
| Premium Retail Services, Inc., | |
| *Defendant.* | |

Plaintiffs Jonathan Conley, on behalf of himself and all others similarly situated bring this action against Defendant Premium Retail Services, Inc. ("Defendant" or "Premium Retail") as follows:

1.     Plaintiff and the proposed class worked as merchandising specialists, retail merchandisers, retail merchandising specialists, merchandising leads and trainers, field technicians, and pet ambassadors ("Manual Workers") for Premium Retail at retail stores located throughout the State of New York, performing almost entirely physical labor, and being paid bi-weekly.

2.     Defendant has paid Conley bi-weekly throughout his employment as a Merchandising Specialist.

3.     Defendants' failure to pay Conley and other Manual Workers weekly resulted in the loss of time value of money, and the inability to keep up with bills and expenses, resulting in monetary loss and other tangible loss, including the incurrence of interest payments, late fees and other such fees, accelerated payment schedules, impaired credit rating, and the the loss of use of property.

1

**THE PARTIES**

4.      Jonathan Conley is an adult individual who is a resident of Kings County, in the State of New York.

5.      Defendant Premium Retail is a foreign business corporation existing under the laws of the State of Delaware, with a principal place of business address at 221 Bolivar Street, Jefferson City, Missouri 65101 and a service of process address at 618 Spirit Drive, Suite 200, Chesterfield, Missouri 63005.

6.      Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and all other similarly situated employees.

7.      Defendant has maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

8.      Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

**JURISDICTION AND VENUE**

9.      This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

10.      This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the

opposing parties since the Plaintiffs reside in New York State and are citizens of that state, while Defendant Premium Retail is a citizen of Delaware with its principal place of business located at 221 Bolivar Street, Jefferson City, Missouri 65101.

11.     There are over 200 members in the proposed class.

12.     Defendant is subject to personal jurisdiction in New York as it does business in New York.

13.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

### Defendant's Business Activities and Job Role and Duties

14.     Premium Retail had $120 million in revenue in 2021 and employs approximately 2,000 people to provide in-store advertising, merchandise display, and inventory services at a wide variety of retail stores across the country and throughout New York State, including in New York and Bronx County.

15.     Premium Retail currently employs and is listing job openings in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly on a bi-weekly basis: merchandising specialists, retail merchandisers, retail merchandising specialists, merchandising leads and trainers, field technicians, and pet ambassadors.  All of the below job duty descriptions are based upon Plaintiff's own knowledge and experience as a Merchandise Specialist, and upon information and belief as to other roles, including Defendant's website listing job duties for approximately 67 job openings in New York State.

16.     A Merchandising Specialist receives materials at their home and brings them

to stores; locates installs and places promotional materials in stores as instructed; stocks, locates, and places products on store shelves and floors; front-faces products on shelves; sets up and maintains product displays; and resets displays, or product areas based on the needs of the client.

17.     A Retail Merchandiser performs essentially the same job duties as a Merchandising Specialist as described in paragraph 15 above.

18.     A Retail Merchandising Specialist performs essentially the same job duties as a Merchandising Specialist as described in paragraph 15 above.

19.     A Merchandising Lead and Trainer trains, mentors, and provides feedback to merchandisers in their assigned markets; assists merchandising team members in their area to perform their job duties; provides project leaderships and merchandising coverage across retail stores; completes specialized training and certificates; partners directly with store management and associates, leads by example.

20.     A Field Technician installs and maintains demos and displays; troubleshoot advanced technical issues; works alongside fellow Field Technicians and clients to share knowledge and educate team members and retail associates on proper technical maintenance; builds and maintains effective working relationships with store associates and management; provides market intelligence; works at multiple locations including retailers, vendor showrooms, and training events.

21.     A Pet Ambassador works in pet-related retail settings, stocks and packs out client products to help ensure shoppers find what they need; build and maintain relationships with store associates, store management and client management; provides store associates with product knowledge including benefits and promotions to help increase sales; builds brand

4

awareness and affinity by actively engaging with customers and their pets in store.

**Plaintiff's Roles / Titles Working at Premium Retail**

22.     Plaintiff Jonathan Conley started working for Premium Retail in the role of Merchandising Specialist from around October 2018 until around April 2021, being paid $16.50 per hour on a bi-weekly basis at a variety of locations in New York County and Kings County.

23.     Plaintiff worked onsite for Defendant as a Merchandising Associate at many Duane Reade and Rite Aid locations in New York County, at two Target locations in Kings County, and at a Bed Bath and Beyond in Kings County.

**Plaintiffs' Performance In Each Role / Title**

24.     During his employment working for Defendant as Merchandising Specialist, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to (1) setting up display booths and demonstrative exhibits in retail stores; (2) doing schematic setups, involving rearranging shelves and rearranging labels and price tags; and (3) logging and packing up inventory.

25.     In his role as Merchandising Specialist, Plaintiff spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

**Defendant's Payment of Bi-weekly Wages and Injury to Plaintiff**

26.     Defendant paid Plaintiff bi-weekly throughout his employment.

27.     For example, for the pay period from May 16, 2021, to May 29, 2021, Defendant paid Plaintiff on June 4, 2021.

28.     In this regard, Defendant failed to pay Plaintiff his wages earned from May 16, 2021 to May 22, 2019 by May 29, 2021.

29.      Defendants' late payment of Plaintiff's wages resulted in him having to pay his rent late four different times.

30.      In addition, Plaintiff was forced to borrow money as a result of Defendant's untimely wage payments, including borrowing money from family members on two to three occasions and obtaining a credit card in order to pay regular bills and day to day expenses while waiting for Defendant to pay his bi-weekly wages.  Previously, Plaintiff had tried to avoid opening a credit card to avoid going into debt but was forced to to make ends meet between bi-weekly pay periods.

## RULE 23 CLASS ACTION ALLEGATIONS

31.      The Proposed Class is defined as:

> All Employees working for Premium Retail stores in the roles of merchandising specialist, retail merchandiser, retail merchandising specialist, merchandising lead and trainer, field technician, and pet ambassador in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

32.      The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

33.      There are more than 100 class members and Plaintiffs' claims are typical of those other members, in that anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

34.      Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

35.       Defendant's corporate-wide policies and practices affected everyone who

worked in every store in the same way.

36.     Plaintiff is able to fairly and adequately protect the interests of the Proposed

Class and have no interests antagonistic to it.

37.     Plaintiffs are represented by attorneys who are experienced and competent to

bring this action.

38.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender.

39.     Common questions of law and fact exist as to the Proposed Class that

predominate over any questions only affecting Plaintiffs and/or each member of the New York

Class individually and include, but are not limited to, the following:

    a.  What job duties are performed by Premium Retail's merchandising

       specialists, retail merchandisers, retail merchandising specialists,

       merchandising leads and trainers, field technicians, and pet ambassadors?

## **AS AND FOR A CAUSE OF ACTION**

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

40.     The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

41.     Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as

required by NYLL § 191(1)(a), which resulted in an underpayment.

7

42.     Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

43.     All of Premium Retail's employees working in the roles of merchandising specialist, retail merchandiser, retail merchandising specialist, merchandising lead and trainer, field technician, and pet ambassador are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

44.     As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

45.     Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

46.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and  post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

      A.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B.   Designation of Plaintiff Conley as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C.   Liquidated damages permitted by law pursuant to the NYLL.

D.   Prejudgment and post-judgment interest;

E.   Reasonable attorneys' fees and costs of the action;

F.   Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
     June 28, 2022

     **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
     Mohammed Gangat, Esq.
     675 Third Avenue
     Suite 1810
     (718) 669-0714
     mgangat@gangatllc.com

     *Attorneys for Plaintiff and*
     *Rule 23 Proposed Class*